## 73386. MOORE v. THE STATE.
(352 SE2d 821)

SOGNIER, Judge.

Appellant pled guilty to driving under the influence of alcohol and leaving the scene of an accident.

1. Appellant contends the trial court erred by sentencing her to a term of imprisonment because two prior misdemeanor convictions for driving under the influence of alcohol were considered by the trial court in imposing sentence, despite the fact that in both prior convictions, she was not represented by counsel, was not advised of her rights and did not knowingly and voluntarily waive her rights. Appellant testified at a hearing on her motion in limine that in the first instance, she entered a plea of nolo contendere and paid the clerk a $200 fine. On her second conviction she pled guilty and was sentenced to pay a $600 fine and to perform eighty hours of community work. In neither instance was appellant imprisoned.

In *Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530), the Supreme Court of the United States held that absent a knowing and intelligent waiver, no person may be *imprisoned* for any offense, whether classified as petty, misdemeanor or felony, unless he is represented by counsel at his trial. This rule was reaffirmed in *Scott v. Illinois*, 440 U. S. 367 (99 SC 1158, 59 LE2d 383), where the court held that a State trial of an indigent defendant without counsel does not violate the Sixth and Fourteenth Amendments where imprisonment, although authorized, is not imposed upon conviction. Since appellant was not imprisoned as a result of her prior convictions, it was not error for the court to consider appellant's prior convictions in determining an appropriate sentence for her in this case.

Appellant argues, however, that the United States Supreme Court's decision in *Baldasar v. Illinois*, 446 U. S. 222 (100 SC 1585, 64 LE2d 169), made it impermissible to use a defendant's prior uncounseled misdemeanor conviction to impose an increased term of imprisonment upon a second conviction for the same offense. The Illinois statute considered in *Baldasar* was held to be an enhanced penalty statute, i.e., it authorized a trial court, upon proof of a prior

conviction for the same offense, to increase substantially the term of confinement it could impose upon a second conviction and convert a second misdemeanor offense into a felony with a sentence to a term in prison. Unlike the Illinois statute, OCGA § 40-6-391 (c) is not an enhanced penalty statute, because it neither increases the maximum confinement authorized nor converts a misdemeanor offense into a felony. Thus, we find that *Baldasar* is not applicable here, and the prior uncounseled convictions are not constitutionally invalid. See generally *Stillwell v. State*, 161 Ga. App. 230, 232 (288 SE2d 295) (1982); *Dotson v. State*, 179 Ga. App. 233, 234 (3) (345 SE2d 871) (1986). Accordingly, consideration of appellant's prior convictions for driving under the influence of alcohol in determining an appropriate sentence did not violate the Sixth and Fourteenth Amendments to the Constitution of the United States, nor did it violate appellant's right to counsel under the Constitution of Georgia.

2. Appellant contends the records of prior convictions were not properly certified, and thus, were not admissible. At a hearing on appellant's motion in limine the documents were introduced as joint State and defense exhibits, and appellant made no objection to introduction of the exhibits at that time, or at the sentence hearing. Further, appellant voiced no objection to the court's consideration of these documents for sentencing purposes on the ground that the documents were not properly certified. This court will not consider questions raised for the first time on appeal. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 9, 1987 —
REHEARING DENIED JANUARY 21, 1987 — ▮▮▮▮▮▮▮

*J. M. Raffauf*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Elliott Shoenthal, Raymond V. Giudice, Assistant Solicitors*, for appellee.