No. 86–6914. MOORE *v.* GEORGIA. Ct. App. Ga. Certiorari denied. 

JUSTICE WHITE, dissenting.

In *Scott* v. *Illinois*, 440 U. S. 367 (1979), this Court held that an uncounseled misdemeanor conviction is constitutionally valid if the offender is not incarcerated. The following Term, however, in *Baldasar* v. *Illinois*, 446 U. S. 222 (1980) *(per curiam)*, this Court held that such a conviction may not be used under an enhanced penalty statute to convert a subsequent misdemeanor conviction into a felony with a prison term.

Here, petitioner was convicted and sentenced to a prison term under Ga. Code Ann. § 40–6–391(C) (Supp. 1987) which imposes a mandatory minimum sentence on a person convicted of driving under the influence of alcohol, where such person has at least two prior convictions for the same offense. Petitioner argued that *Baldasar* prohibited her conviction under § 40–6–391(C), because this conviction relied upon her two prior, uncounseled convictions for driving under the influence. The Court of Appeals of Georgia

rejected this contention, and determined that *Baldasar* was inapplicable here because § 40–6–391(C) merely imposes a *minimum* prison term based on petitioner's prior convictions, and does not "increas[e] the *maximum* confinement authorized [or] conver[t] a misdemeanor offense into a felony." 181 Ga. App. 548, 549, 352 S. E. 2d 821, 822 (1987) (emphasis added).

Possibly because this Court was sharply divided in *Baldasar*, with no opinion for reversal gaining more than three votes, courts attempting to apply that decision have come to different conclusions concerning its meaning. See *Schindler* v. *Clerk of Circuit Court*, 715 F. 2d 341, 344 (CA7 1983) ("In light of . . . the failure of the *Baldasar* majority to agree upon a rationale for its result, the scope of the decision remains unclear"), cert denied, 465 U. S. 1068 (1984). Some courts have applied *Baldasar* as the Georgia court did here, and have allowed the use of prior, uncounseled convictions in cases quite similar to this one. *E. g.*, *Commonwealth* v. *Thomas*, 510 Pa. 106, 112–114, 507 A. 2d 57, 60–61 (1986); *State* v. *Orr*, 375 N. W. 2d 171, 175–176 (N. D. 1985). Others, however, have read *Baldasar* more broadly, and have disallowed the use of prior, uncounseled convictions in prosecutions akin to petitioner's. *E. g.*, *State* v. *Oehm*, 9 Kan. App. 2d 399, 401–403, 680 P. 2d 309, 311–312 (1984); *State* v. *Dowd*, 478 A. 2d 671, 677–678 (Me. 1984).

Because the confusion over *Baldasar*'s holding has led to uneven application of that case and conflicting decisions in the courts below, I would grant certiorari here to answer the outstanding questions concerning *Baldasar*'s scope and proper application.