UNITED STATES of America,
Plaintiff–Appellee,

v.

Eric PEAGLER, Defendant–Appellant.

No. 87–7600

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 20, 1988.

Jeffery C. Duffey, Montgomery, Ala., for defendant-appellant.

John C. Bell, U.S. Atty., Charysse L. Alexander, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before RONEY, Chief Judge, TJOFLAT and VANCE, Circuit Judges.

PER CURIAM:

Defendant Eric Peagler was indicted for conspiracy to possess cocaine with intent to distribute, 21 U.S.C.A. § 846, and distribution of cocaine, 21 U.S.C.A. § 841(a)(1). Defendant was acquitted of distribution, but convicted of conspiracy and sentenced to nine years imprisonment. On appeal, defendant argues (1) the evidence was insufficient to support his conviction; (2) the evidence seized from defendant should have been suppressed because of the overly general nature of the search warrant;

and (3) the judge improperly considered uncounseled convictions in sentencing. We affirm.

### Sufficiency

■ There was both direct and circumstantial evidence that a conspiracy existed. Participation in a conspiracy may be proved by direct or circumstantial evidence, and may be inferred from the conduct of the participants. *United States v. Gonzalez,* 810 F.2d 1538, 1542–43 (11th Cir.1987).

■ When a confidential informant expressed his desire to purchase cocaine, defendant made the telephone call to an unknown third person to obtain it. When the delivery of the cocaine was delayed, defendant left in his car to investigate the delay. Defendant asked the informant whether he liked the cocaine he had previously purchased from his co-conspirator, a purchase that had taken place when defendant was not present. The confidential informant testified that he watched defendant's co-conspirator approach defendant's car and return with the cocaine. Of the three marked $100 bills given to defendant's co-conspirator for the cocaine, one was found in defendant's girlfriend's safety deposit box, and she testified that defendant gave her the money. On this evidence, a jury could have reasonably concluded that a conspiracy existed.

Defendant's argument that his acquittal on the distribution charge should impact on his conviction for conspiracy is without merit because a conviction on a substantive charge is not a prerequisite to culpability on a conspiracy charge. *See United States v. Blasco,* 702 F.2d 1315, 1330 (11th Cir.), *cert. denied,* 464 U.S. 914, 104 S.Ct. 275, 78 L.Ed.2d 256 (1983).

### Search Warrant

■ After defendant was arrested, the police obtained a warrant to search his house for "documents, records, papers, funds and any other evidence constituting trafficking in narcotics." Pursuant to this warrant, defendant's house was searched and two safety deposit box keys were found. After the search, defendant and his girlfriend tried to obtain access to the box, and the investigating officers became suspicious and obtained a warrant to search it. The officers found cash in the box, including one of the marked $100 bills with which the cocaine was purchased by the confidential informant. Defendant's girlfriend, in whose name the box was registered, testified that the money in the box was given to her by defendant.

Defendant sought suppression of the key and the money, arguing that the search warrant was an invalid general warrant which did not authorize the seizure of the keys. This Court has held that while the Fourth Amendment prohibits general exploratory searches, elaborate specificity in a warrant is unnecessary. *United States v. Betancourt,* 734 F.2d 750, 754 (11th Cir.), *cert. denied,* 469 U.S. 1021, 105 S.Ct. 440, 83 L.Ed.2d 365 (1984). Here the warrant authorized a search for evidence connected to drug trafficking. An affidavit from one of the officers stated that narcotics traffickers frequently use safety deposit boxes to conceal proceeds from illicit drug transactions. The warrant was not overly general and the seizure of the keys was within its scope.

### Uncounseled Convictions at Sentencing

■ At the sentencing hearing, defense counsel requested the Court to disregard those portions of defendant's presentence investigation report which discussed convictions obtained against defendant when he was not represented by counsel. The district court replied that it understood that it could consider the convictions only insofar as they reflected on defendant's reputation, to which defendant's counsel responded "yes, sir." While the presentence report reflects approximately thirteen occasions on which the defendant was arrested (excluding traffic violations and paternity proceedings) only five of those cases resulted in convictions, and of those five the defendant was represented by counsel on two cases. Each of the three remaining cases involved misdemeanors for which no sentence of imprisonment was imposed. The colloquy between court and counsel is set

forth in the margin.[1] The court noted that defendant's reputation as established by his convictions indicated that he did not have much respect for the law and as a result he should be considered for a maximum sentence, discounted by the lack of severity of his crime.

While some of defendant's convictions were uncounseled, it is not at all clear that they are constitutionally invalid. Defendant has not established his indigency at the time of his convictions, and he was not imprisoned on any of the offenses. Thus, the rule of *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972), that a court may not consider in sentencing an uncounseled conviction rendered in circumstances where defendant was constitutionally entitled to an attorney, does not apply here. This Court has held that a sentencing court may consider in sentencing, uncounselled misdemeanor convictions where defendant was not imprisoned. *Thompson v. Estelle*, 642 F.2d 996, 998 (5th Cir. Unit A 1981); *Wilson v. Estelle*, 625 F.2d 1158, 1159 (5th Cir. Unit A 1980), *cert. denied*, 451 U.S. 912, 101 S.Ct. 1985, 68 L.Ed.2d 302 (1981). *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*in banc*) (Eleventh Circuit bound by decisions of former Fifth Circuit prior to October 1981).

In any event, the sentencing judge here did not use defendant's convictions to "enhance" defendant's sentence, in the sense that the term was used in *Baldasar v. Illinois*, 446 U.S. 222, 223–24, 100 S.Ct. 1585, 1585–86, 64 L.Ed.2d 169 (1980) (Plurality opinion holding that a constitutionally valid, uncounseled conviction may not be used under an enhanced penalty statute to convert a misdemeanor into a felony with a prison term.). *But see Santillanes v. United States Parole Commission*, 754 F.2d 887, 889 (10th Cir.1985) (Justice Blackmun's concurring opinion, rather plurality opinion, represents holding in *Baldasar*). Defendant's sentence was not automatically increased by statute from a non-jail offense to a jail offense because he had a criminal record. The district court's remarks that it would consider the uncounseled convictions only as they related to defendant's character, and that his reputation warranted a maximum sentence, discounted by the moderate severity of his offense, does not indicate that the district

---

1. MR. DUFFEY: Yes, sir. I notice in the presentence report there are a number of prior arrests and convictions.

   THE COURT: Yes sir, I noticed that, too, with grave concern.

   MR. DUFFEY: The Court is aware that many of these ended either with a dismiss, or a nol pros, or not guilty.

   THE COURT: Yes, sir.

   MR. DUFFEY: And the convictions are all either city offenses or misdemeanors, except for the one felony possession of marijuana. And that was in 19—.

   THE COURT: '83?

   MR. DUFFEY: Yes, sir. We would ask the Court to not consider any of these in sentencing where he was not represented by counsel.

   THE COURT: Well, the only way that I can consider those, as I understand the law, is they bear on his reputation.

   MR. DUFFEY: Yes, sir.

   THE COURT: The report shows that Mr. Peagler had thirty-two traffic charges, of which he paid fines on twenty-eight of them. It also shows contempt of court citations on several occasions. And thirteen charges, other than the traffic charges, and convictions of theft, though third degree theft. And possession of marijuana. It also shows, Mr. Peagler, that you were convicted of a worthless negotiable instrument in 1984. Did you have a lawyer in that case?

   MR. DUFFEY: He's talking about a bad check.

   MR. PEAGLER: No, sir.

   THE COURT: I take it that was a bad check? You paid a fine of fifty dollars and costs, in Prattville?

   MR. PEAGLER: Yes, sir.

   THE COURT: Did you have a lawyer in that case?

   MR. PEAGLER: No, sir.

   THE COURT: All right. I won't consider that, except for bearing on a bad reputation.

   Your reputation is established by these things. And general repute in the community indicates to me that you don't have much regard for the law. It's my duty to protect the public from people who don't have much regard for the law. Anybody with that sort of a background needs to be considered at least for a maximum sentence. I don't think I can give you a maximum sentence. Your offense wasn't that bad that was proved against you and I'm bound to discount a maximum sentence, to some extent, by that. But, you are apparently in with a bad group. You apparently intend to stay in with them. You are involved in this dope traffic, and that business ruins the lives of many, many people.

court used the uncounseled convictions to improperly enhance the sentence. The fact that the convictions were uncounseled was noted in the PSI and was reiterated by defendant's counsel. The district court's limited consideration of defendant's uncounseled convictions was not improper.

AFFIRMED.