Alan B. Fields, Jr., Palatka, Fla., for petitioner-appellant.

Judy Taylor Rush, Dept. of Legal Affairs, Daytona Beach, Fla., for respondents-appellees.

James Allen BLACK, Petitioner–Appellant,

v.

STATE OF FLORIDA, Robert A. Butterworth, Respondents–Appellees.

No. 90–3878

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

July 5, 1991.

Before JOHNSON, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

Appellant James Allen Black received an enhanced felony sentence of three-and-one-half years in prison and one-and-one-half years on probation, due to his three previous convictions for drunken driving. Appellant pled guilty to the first conviction used to enhance his sentence without having counsel or being informed of his right to counsel. Appellant brought his claim of denial of the right to counsel before the

state courts, which denied relief. He then sought a writ of habeas corpus in the district court, which refused to grant relief. Appellant argues on appeal that he is due relief because he was denied counsel in the first drunken driving proceedings, under this circuit's holding in *Greene v. United States*.[1] Alternately, he argues that his case should be remanded to allow him to show the indigency required for relief under *Baldasar v. Illinois*.[2] We will discuss these claims in reverse order.

## I. Indigency

This court's decision in *Moore v. Jarvis*[3] precludes any relief to appellant on his claim that he was denied counsel because of his indigency. After conducting an analysis of the several concurring opinions in *Baldasar*, *Moore* held that *Baldasar* "forbid[s] only the sentencing of a defendant to an increased term of incarceration solely upon consideration of a prior conviction obtained in a proceeding for which, due to the indigence of the defendant or some misconduct of the State, counsel was *unavailable* to the defendant."[4] The court in *Moore* then denied relief because "Moore has not alleged—let alone proven—that she was indigent at the respective times of her prior convictions or that the state somehow prevented her from obtaining the services of retained counsel."[5] The district court found that appellant had not proven his indigency at the time of the prior conviction.[6] In fact, the record shows that appellant was selling mobile homes at the time of the first conviction and that his

parents quickly came up with the $165 fine.[7] Appellant did not allege or show that the state prevented him from obtaining counsel.[8] Due to *Moore*'s interpretation of *Baldasar*, no relief is appropriate.

## II. The Holding in *Greene*

In a somewhat confusing argument, appellant seems to maintain that there is a conflict between this circuit's opinion in *Moore* and our opinion in *Greene*, which states, "[T]he Sixth Amendment prohibits the use to enhance a sentence of a conviction obtained in a proceeding in which defendant lacked the assistance of counsel."[9] The district court did not discuss *Greene*.

Although the quoted language in *Greene* could be characterized as affording a basis for relief to appellant, it is apparent from our reading of other cases that it does not. *Greene* did not involve a situation where the sentence under attack was enhanced by a prior conviction for which there was no right to counsel. In the context of an uncounseled misdemeanor conviction, the Supreme Court in *Scott v. Illinois*[10] held that the Sixth Amendment right to counsel is infringed only when a misdemeanor criminal defendant actually receives an uncounseled term of imprisonment.[11] Thus, *Greene* should be read more properly as forbidding the enhancement of a sentence on the basis of an uncounseled prior conviction for which there was the right to counsel. Moreover, binding precedent of this circuit allows the consideration during sen-

**1.** 880 F.2d 1299 (11th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1322, 108 L.Ed.2d 498 (1990).

**2.** 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980).

**3.** 885 F.2d 1565 (11th Cir.1989).

**4.** *Id.* at 1573 (emphasis in original).

**5.** *Id.*

**6.** R1–23–3.

**7.** R2–15, 17.

**8.** R1–23–4.

**9.** 880 F.2d at 1302 (citations omitted).

**10.** 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979).

**11.** 440 U.S. at 373–74, 99 S.Ct. at 1162 ("We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defen-

tencing of uncounseled prior misdemeanor convictions for which a term of imprisonment was not imposed.[12]

Seen in this light, *Moore* and *Greene* are not at odds. *Moore* involved enhancement on the basis of prior, uncounseled misdemeanor convictions for which no imprisonment was imposed, while *Greene* involved enhancement on the basis of a prior, uncounseled felony conviction. Appellant received only a fine of $165 on his first drunken driving conviction, which was a misdemeanor.

Because the enhancement of appellant's conviction was based on a prior, uncounseled misdemeanor conviction for which he served no time in prison, no relief is appropriate here.

### III. Conclusion

Finding no error, we AFFIRM the district court's denial of relief.

---

dant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.").

12. *See United States v. Peagler,* 847 F.2d 756, 758 (11th Cir.1988) ("This Court has held that a sentencing court may consider in sentencing, uncounselled misdemeanor convictions where defendant was not imprisoned." (citations omitted)); *see also United States v. Eckford,* 910 F.2d 216, 220 (5th Cir.1990) (discussing former fifth circuit precedent; "This Court's earlier decisions establish that the district court may consider during sentencing a criminal defendant's prior uncounseled misdemeanor convictions for which the defendant did not receive a term of imprisonment."); *Wilson v. Estelle,* 625 F.2d 1158, 1159 (5th Cir. Unit A 1980) (permitting use in penalty phase of trial of uncounseled misdemeanor conviction that did not result in imprisonment), *cert. denied,* 451 U.S. 912, 101 S.Ct. 1985, 68 L.Ed.2d 302 (1981). *But see United States v. Brady,* 928 F.2d 844, 853 (9th Cir.1991) (noting circuit split; "We agree with the plurality in *Baldasar v. Illinois* that the constitutional rule enunciated in *Scott* also requires that an 'uncounseled misdemeanor conviction [may] not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction.'" (citations omitted)).