**UNITED STATES of America,**

**v.**

**Michael THORNHILL, et al., Defendants.**

**No. 5:98–cr–56 (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Oct. 13, 1998.

J. Melvin England, Atlanta, GA, for Michael Thornhill, defendant.

J. Melvin England, Atlanta, GA, for Everett McCrary, defendant.

Tony L. Axam, Atlanta, GA, for Jackie Lloyd, defendant.

Dorothy Y. Kirkley, Atlanta, GA, for LaMonica Thornhill, defendant.

Karl Washington, East Point, GA, for Greg Starr, defendant.

Emerson Carey, Jr., Atlanta, GA, for Von January, defendant.

Rena M. Johnson, Sharon T. Ratley, U.S. Attorney's Office, Macon, GA, for U.S.

## ORDER

OWENS, District Judge.

Before the court are defendants', Michael Thornhill, Everrett McCrary, and LaMonica Thornhill, motions to suppress evidence obtained in searches pursuant to search warrants issued on February 2, 1995. A hearing was held on August 24, 1998 regarding these motions.

### Probable Cause

The Fourth Amendment requires that a search warrant be issued only when there is probable cause to believe that an offense has been committed and that evidence of the offense exists at the place to be searched. *U.S. v. Betancourt,* 734 F.2d 750, 754 (11th Cir.1984). A substantial basis for probable cause exists where the totality of the circumstances set forth in the affidavit provides sufficient information for a magistrate to determine that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *U.S. v. Gonzalez,* 940 F.2d 1413, 1419 (11th Cir. 1991), citing *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983). Probable cause is often comprised of small details, each of which is insufficient, but together form a pattern that creates probable cause. *Illinois v. Gates,* 462 U.S. at 238, 103 S.Ct. 2317. Absent arbitrariness, a magistrate's determination that probable cause exists is conclusive. *Betancourt,* at 754.

The Court finds that probable cause existed for the Magistrate Judge to issue the search warrants. At the time S/A McClendon applied for the search warrants at issue, he was a veteran FBI agent with over four years' experience and had been involved in investigating fraud in the health care indus-

try for over two years. S/A McClendon worked closely with Investigator P.J. Kindle of the State of Georgia Department of Medical Assistance ("DMA"), S/A Jack Wood of the Internal Revenue Service's Criminal Investigation Division, and Barbara Tuggle, Office Manager of the GDTS Macon office. S/A McClendon took numerous actions to corroborate information given by his respective sources. For example, he sent letters to Medicaid recipients, personally drove and measured mileage, personally interviewed former drivers and personally visited each alleged GDTS site with a confidential witness in order to verify their existence as GDTS locations. Defendants argue that certain isolated facts asserted in the affidavit are not sufficient to constitute probable cause. However, the Court must look at the totality of the circumstances in order to determine whether probable cause existed. The Court finds that the warrants were based on sufficient supported facts to determine probable cause existed. Therefore, given the totality of the circumstances in this case, the warrants were properly issued.

### Particularity

Elaborate specificity in a warrant is not necessary. A description is sufficiently particular when it enables a searcher to reasonably ascertain and identify the items authorized to be seized. *U.S. v. Peagler*, 847 F.2d 756, 757 (11th Cir.1988); *U.S. v. Wuagneux*, 683 F.2d 1343, 1349 (11th Cir.1982).

The defendants argue that the warrants were general warrants which should be considered ineffective and overly broad. However, the warrants listed the types of items usually tainted in a fraud case or at least leading to relevant evidence. Although the items listed as proper subjects of seizure were extensive, such an extensive search is necessary in this type of fraud case. Because the business involved voluminous documents, computer files, etc., a search of these materials is essential to determine the proper scope of the case and also to discover all possible relevant information.

### Execution

A search can be as extensive as reasonably required to locate the items sought in the warrant. *U.S. v. Wuagneux*,

683 F.2d at 1349. The reasonableness of the search depends on the complexity of the crime being investigated. *U.S. v. Heldt*, 668 F.2d 1238, 1257 (D.C.Cir.1981).

The inventory return from the search clearly indicates that the search was not executed in an overly broad fashion. All of the evidence seized was either particularly described in the warrants or had a substantial nexus to the fraud investigation.

### Conclusion

To summarize, the search warrants were valid. Each was supported by probable cause and adequately described the items to be seized. Furthermore, each was executed properly. All evidence seized was sufficiently described in the warrants. Accordingly, Michael Thornhill's motion to suppress [Tab # 's 85, 103], Everrett McCrary's motion to suppress [Tab # 's 86, 104], and LaMonica Thornhill's motion to suppress [Tab # 95] are hereby **DENIED**.