[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17029
Non-Argument Calendar

_____

D. C. Docket No. 08-00022-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN WILSON,
a.k.a. Amos,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 18, 2009)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Edwin "Amos" Wilson was charged by second

superseding indictment along with Carlos Lundy with five drug-related offenses. After waiving his right to an indictment, and in exchange for dismissal of the indictment, Wilson pleaded guilty to an information charging him with a single count of cocaine distribution, in violation of 21 U.S.C. § 841(a).[1]

The probation officer prepared a presentence investigation report ("PSI"), indicating that in April and May 2007, Wilson sold Lundy nine ounces of cocaine, twice a week, for six weeks, for a total of about three kilograms. In June 2007, agents obtained information from wiretaps that lead them to a separate transaction involving eighteen ounces to be delivered to Roderick Burney; the deal never occurred. Based on these transactions, Wilson was responsible for 3.51 kilograms of cocaine, which resulted in a base offense level of 30. With a 3-level reduction for acceptance of responsibility and no other enhancements or reductions, the total adjusted offense level was 27. Wilson's criminal history included four other drug-related offenses that occurred between the ages of 28 and 41, a shooting into an occupied building, and mail fraud in connection with an insurance claim, resulting in a criminal history category III and yielding a guidelines range of 87 to 108 months' imprisonment. The statutory maximum term of imprisonment was 20

---

[1] The plea agreement contained a waiver-of-appeal provision. The provision, however, permitted an appeal should the court impose an upward variance and thus does not bar Wilson's argument.

years. 21 U.S.C. § 841(b)(1)(C).

Wilson objected to the amount of drugs for which he was held responsible. The probation officer explained that Lundy's grand jury testimony and the other evidence from wiretaps and surveillance supported a finding that Wilson was involved with more than three kilograms of drugs as part of his relevant conduct.

At sentencing, the court found that Wilson was involved with 3.51 kilograms of cocaine based on Lundy's testimony and the other evidence. In his statement to the court, Wilson explained that Lundy was the dealer and that he only delivered about 1.7 grams to Lundy. After considering Wilson's arguments and the sentencing factors in 18 U.S.C. § 3553(a), the court imposed a sentence of 126 months' imprisonment, which constituted an upward variance from the guidelines range. The court explained that Wilson had seven prior convictions, four of which involved drug possession; he had been placed on probation before, but each time it ended in revocation and he required greater deterrent; Wilson was a repeat offender with no respect for the law; and Wilson was not credible, as his version of events was contradicted by the other evidence. This appeal followed.

Wilson argues that the sentence imposed was substantively unreasonable because the basis for the variance was taken into account in the determination of his criminal history and the court failed to adequately explains its reasoning. He

contends that the court should not have considered some of his prior convictions, which were too remote.[2]

Appellate review of the substantive reasonableness of a sentence-whether inside or outside the guidelines range-is under an abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). This review is deferential and the appellant bears the burden of establishing the absence of reasonableness in light of the record and the § 3553(a) factors. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)). Review for reasonableness has two steps. First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 128 S.Ct. 586, 597 (2007). Second, we must determine whether the sentence imposed is substantively reasonable based on the factors in § 3553(a), which include: the nature and circumstances of the

---

[2] Wilson did not raise this argument before the district court and thus has forfeited it, subjecting it to plain error review. Fed. R. Crim. P. 52. Wilson cannot show plain error in the court's calculations because the prior convictions that occurred more than ten years earlier did not receive criminal history points, and nothing precluded the court from considering them in imposing the variance. See United States v. Peagler, 847 F.2d 756, 758 (11th Cir. 1988) (explaining that convictions that would not receive criminal history points could be used to determine a defendant's character).

4

offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, provide just punishment, and promote respect for the law; the need to deter criminal conduct; the need to protect the public from other crimes of the defendant; and the advisory Guidelines range. 18 U.S.C. § 3553(a); Gall, 128 S.Ct. at 597. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

When the district court decides after "serious consideration" that a variance is in order, it should explain why that variance "is appropriate in a particular case with sufficient justifications." Gall, 128 S.Ct. at 594. The justifications must be "compelling" enough "to support the degree of the variance" and complete enough to allow meaningful review. Id. at 597. "Sentences outside the guidelines are not presumed to be unreasonable, but we may take the extent of any variance into our calculus." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). We will vacate a sentence only "if [] left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted). That we "might reasonably have

5

concluded that a different sentence was appropriate is insufficient to justify reversal." Gall, 128 S.Ct. at 597.

Upon review, we conclude Wilson's sentence is reasonable and the court adequately explained its reasoning for imposing a variance. First, the court explained it detail that it was imposing the upward variance due to the need to punish and deter in light of Wilson's prior convictions and sentences. The court also considered Wilson's characteristics, explaining that it did not believe Wilson's denial of his involvement in other drug deals because the evidence contradicted his statements and his employment records did not support his finances. Finally, the 126-month sentence imposed was not significantly greater than the high end of the guidelines range (108 months), and was much less than the statutory maximum of 20 years' imprisonment.

Accordingly, the court did not abuse its discretion by imposing an upward variance, and Wilson has not met his burden to show the sentence imposed was unreasonable.

**AFFIRMED.**