## 66986. PARKER v. THE STATE.

POPE, Judge.

Robert Parker brings this appeal from his conviction of theft by shoplifting; he was sentenced to serve ten years imprisonment. His sole enumeration of error on appeal challenges the imposition of a ten-year sentence upon his indictment and conviction of shoplifting property having a value of less than $100. *Held*:

1. Defendant was convicted of shoplifting property having a value of less than $100. As a general rule, such a conviction entails punishment as for a misdemeanor. OCGA § 16-8-14 (b)(1). However, "[u]pon conviction of a fourth or subsequent such offense, the defendant commits a felony and shall be punished by imprisonment for not less than one nor more than ten years; and the first year of such sentence shall not be suspended, probated, deferred, or withheld." OCGA § 16-8-14 (b)(1)(C). The Fifth Amendment to the United States Constitution guarantees a person accused of a felony the right to indictment by grand jury. Likewise, where the state seeks the imposition of recidivist punishment pursuant to OCGA § 17-10-7, the accused must be indicted as a recidivist. See *Fore v. State*, 237 Ga. 507 (3) (228 SE2d 885) (1976), and cits. It follows that if the state seeks felony punishment pursuant to OCGA § 16-8-14 (b)(1)(C), the accused is entitled to indictment, not only on the shoplifting offense with which he is charged (notwithstanding the fact that the charge, in and of itself, may be a misdemeanor), but also as to any prior shoplifting convictions upon which the state intends to rely in support of the imposition of felony punishment.

In the case at bar, defendant was indicted for theft by shoplifting property valued at less than $100. However, the indictment also listed three prior misdemeanor convictions that defendant had received for shoplifting. Therefore, since defendant was found guilty of the shoplifting offense with which he was charged, he was guilty of a felony, and the trial court was mandated by statute to impose a sentence of not less than one nor more than ten years imprisonment.

2. Defendant contends that two of his prior convictions listed in the indictment were "consolidated for trial" and, thus, must be treated as only one conviction. See OCGA § 17-10-7(c). The record discloses that these two convictions were the result of guilty pleas entered on the same date to two separate accusations and that he was sentenced to serve eight months for each conviction, the sentences to be served concurrently. A separate order of sentence was entered on each accusation. Under these circumstances, the trial court did not err in concluding that these two prior convictions had not been "consolidated for trial" within the meaning of OCGA § 17-10-7(c). See *Clarke v. State*, 167 Ga. App. 402 (306 SE2d 702) (1983); *Frazier v. State*, 155 Ga. App. 683 (2)(272 SE2d 548) (1980). In light of this holding, any consideration by the trial court of two additional shoplifting convictions *not listed in the indictment*, for the purpose of imposing felony punishment pursuant to OCGA § 16-8-14 (b)(1)(C), was harmless error. However, since these additional convictions, among others, had been made known to defendant prior to trial, the trial court did not err in considering them in aggravation of punishment. See OCGA § 17-10-2 (a).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1984.

*Kenneth R. Croy*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas W. Hayes, Assistant District Attorneys*, for appellee.