76474. DARTY v. THE STATE.
(373 SE2d 389)

Pope, Judge.

On October 20, 1981, Rick Darty was convicted of shoplifting as well as other crimes and was sentenced to serve two consecutive twelve-month sentences for the shoplifting convictions. On March 26, 1985, he entered a guilty plea to theft by shoplifting and was sentenced to serve twelve months on probation. Again on May 18, 1987, Darty pled guilty to shoplifting. On December 1, 1987, he was again convicted of theft by shoplifting and sentenced as a felon pursuant to the provisions of OCGA § 16-8-14 (b) (1) (C) and received a sentence of ten years in confinement. This Code section provides: "Upon conviction of a fourth or subsequent such offense, the defendant commits a felony and shall be punished by imprisonment for not less than one year nor more than ten years; and the first year of such sentence shall not be suspended, probated, deferred, or withheld."

The indictment charging Darty as a fourth offender cited the two offenses of shoplifting for which he was convicted in October 1981 and the conviction upon his plea of guilty in March 1985. The October 1981 convictions involved two separate indictments (one for shoplifting a pair of shoes on April 25, 1981, and one for shoplifting a pair of jeans on July 17, 1981) returned at two separate terms of court. The two offenses, however, were consolidated for trial. Defendant contends the conviction for these two offenses constitutes only one single conviction for purposes of applying recidivist punishment. Thus, he argues he may not be punished as a fourth offender because the indictment on which he was convicted alleges only two, and not three, previous convictions. In support of this argument defendant cites OCGA § 17-10-7 (c), which states: "For the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction." This code section is "supplemental to other provisions relating to recidivist offenders" (OCGA § 17-10-7 (d)) and must be construed together with the statute permitting felony punishment for fourth offender shoplifters. See *Cofer v. Hopper,* 233 Ga. 155 (4) (210 SE2d 678) (1974). Therefore, the facts alleged in the indictment itself were insufficient to support a felony sentence. However, although it was not listed on the indictment, the additional conviction for shoplifting on the May 1987 guilty plea was introduced without objection

at the sentencing hearing. Defendant's attorney acknowledged he had been given notice prior to trial of the state's intention to present this conviction as evidence at the sentencing hearing. The trial court did not err in sentencing defendant as a fourth offender under these circumstances.

The defendant in this case was indicted as a fourth offender and was under notice he was subject to felony punishment. So long as the defendant is *indicted* as a fourth offender, there is no requirement for the indictment to list a previous conviction providing the state's intent to present such evidence is made known to the defendant prior to his trial, as required by OCGA § 17-10-2 (a). See *State v. Hendrixson*, 251 Ga. 853 (310 SE2d 526) (1984). To the extent *Parker v. State*, 170 Ga. App. 295 (1) (316 SE2d 855) (1984), is in conflict with *Hendrixson*, it is disapproved.

We note, however, a significant distinction between the facts in *Hendrixson* and the facts of the case at hand. In *Hendrixson*, not only was the offense for which defendant was convicted itself a felony but also the code section under which defendant was indicted (OCGA § 16-13-30 (d)) authorized a stiffer maximum sentence for a repeat offender. Thus, the Supreme Court concluded that the language providing a stiffer maximum sentence did not create a separate and independent offense which must be set forth in the indictment but merely served as direction for imposition of punishment under specified aggravated circumstances. For this reason, there was no requirement to set out prior offenses in the indictment. By contrast, in this case the offense for which defendant was convicted was a misdemeanor, for which defendant would not otherwise be subject to felony punishment unless it was shown that this was his fourth or subsequent conviction. The code section involved in this case, OCGA § 16-8-14 (b) (1) (C), does not simply give direction to the judge for sentencing purposes but changes the very nature of the offense from a misdemeanor to a felony.

The rule set forth in *Black v. Caldwell*, 231 Ga. 589 (203 SE2d 208) (1974), still applies. That is, before a defendant may be sentenced as a recidivist, he must have been indicted as a recidivist so that the indictment reflects the maximum punishment to which the defendant can be sentenced. Our holding in this case should not be interpreted as permitting a defendant who has been indicted for misdemeanor shoplifting to be sentenced as a repeat offender without first being indicted as a repeat offender pursuant to OCGA § 16-8-14 (b) (1) (A), (B), or (C). A conviction on a simple misdemeanor indictment cannot be turned into a felony at the sentencing stage of the trial. In this case, defendant's right to be indicted on the charge for which he was punished was protected. Even though the three convictions listed in the indictment actually set forth only two previous con-

victions for purposes of imposing a recidivist sentence, the defendant did have notice prior to trial that the state intended to rely upon the additional conviction not listed in the indictment. The fourth offender sentence was proper.

*Judgment affirmed. McMurray, P. J., Banke, P. J., Benham and Beasley, JJ., concur. Birdsong, C. J., Deen, P. J., Carley and Sognier, JJ., concur specially.*

DEEN, Presiding Judge, concurring specially.

The defendant was indicted for shoplifting a pair of shoes on April 25, 1981, and a pair of jeans on July 17, 1981, at two separate terms of court. The offenses, however, were tried together at the October term of court, and Darty was convicted of both offenses and received two consecutive sentences.

Both the state and the defendant agree that the issue in question is governed by OCGA § 17-10-7 (c), which provides: "For the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction."

This issue, however, is not to be controlling in this case. Although it was not included in the indictment, appellant was convicted of another shoplifting offense which occurred on October 15, 1986, when he entered a guilty plea to it on May 18, 1987. At the sentencing hearing, counsel admitted that he knew prior to trial that the State would offer evidence of this conviction, and he made no objection to the court's consideration of it in sentencing.

There is no statutory requirement that a conviction which antedates the offense for which the accused is sentenced be set out in the indictment in order to sentence a multiple offender of the same offense to a mandatory minimum term in prison. *State v. Hendrixson,* 251 Ga. 853, 854 (310 SE2d 526) (1984). That case relies upon OCGA § 17-10-2 (a) which provides that at the sentencing hearing "the judge shall hear additional evidence in extenuation, mitigation and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or nolo contendere of the defendant, or the absence of any prior convictions and pleas, provided that only such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible." (Emphasis supplied.) I agree with the majority that to the extent that *Parker v. State,* 170 Ga. App. 295 (1) (316 SE2d 855) (1984), is in conflict with *Hendrixson,* it must be disapproved.

I am authorized to state that Chief Judge Birdsong, Judge Carley, and Judge Sognier join in this special concurrence.

450

*W. Donald Kelly*, for appellant.

*John M. Ott, District Attorney, J. Ellis Millsaps, Assistant District Attorney*, for appellee.