A89A0506. THE STATE v. MENDOZA.
(380 SE2d 357)

McMURRAY, Presiding Judge.

Via indictment, defendant Mendoza and another were charged with the offense of trafficking in cocaine. In this regard, it was alleged that on January 9, 1988, in Glynn County, Georgia, defendant Mendoza, and another, "did then and there, unlawfully, be in actual possession of *or* bring into this State 28 grams or more of cocaine *or* of a substance containing 10 percent or more of Cocaine. . . ." (Emphasis supplied.) Defendant obtained counsel, waived formal arraignment and pleaded not guilty. He filed various pre-trial motions at that time. Thereafter, defendant's counsel withdrew and defendant retained new counsel. Within 10 days, defendant's new counsel filed a special demurrer. A few weeks later, the superior court entered an order which read: "The Defendant . . . having previously been arraigned and the attorney for the Defendant having been allowed to withdraw from the case and further the Defendant having obtained new counsel, the Court hereby extends the time allowable for the filing of Pre-trial Motions." Thereafter, the superior court sustained defendant's special demurrer because the indictment charged in the alternative. See *Haley v. State*, 124 Ga. 216 (52 SE 159). The State appealed. *Held*:

1. "The sustaining of a special demurrer, the result of which is either to strike from or add to the material allegations of an indictment, is equivalent to sustaining a general demurrer and quashing the indictment." *Gentry v. State*, 63 Ga. App. 275, 276 (11 SE2d 39). It follows that the State was entitled to appeal directly from the sustaining of defendant's special demurrer. OCGA § 5-7-1 (1). The motion to dismiss the appeal is denied.

2. The State does not take issue with the substance of the superior court's ruling. Rather, it contends the court erred in sustaining defendant's special demurrer because it was not filed at the time of arraignment. We disagree.

Rule 31.1 of the Uniform Rules for the Superior Courts provides, in part: "All motions, demurrers, and special pleas shall be made and filed at or before time of arraignment, *unless time therefor is extended by the judge in writing prior to trial*." (Emphasis supplied.)

253 Ga. 853. Pursuant to this rule, the superior court may extend the time for filing a special demurrer by a written order entered prior to trial.

In the case sub judice, the superior court entered such a written order. Thus, it cannot be said the court improperly considered defendant's special demurrer.

The State argues that, Rule 31.1 notwithstanding, the court erred in considering defendant's special demurrer because it was filed before the order extending time was entered. We cannot accept this argument. The clear import of the court's written order extending time was to permit the consideration of defendant's special demurrer. It would have served no useful purpose to require defendant to file the special demurrer again (following the entry of the order extending time) in order to consider it.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MARCH 17, 1989.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney,* for appellant.
*James A. Chamberlin, Jr.,* for appellee.