A89A0123. THE STATE v. McINTYRE.
(382 SE2d 669)

SOGNIER, Judge.

The State appeals from the trial court's order granting the motion of Clarence McIntyre, Jr. for return of property pursuant to OCGA § 17-5-30.

The State contends this appeal is authorized by OCGA § 5-7-1 (3) as an appeal from an order "sustaining a plea or motion in bar,

when the defendant has not been put in jeopardy." We do not agree. As the record reveals that the State has stipulated it will not use the property at issue in the trial of the charges pending against appellee, the order on appeal does not operate to bar appellee's prosecution. Compare *State v. Benton*, 246 Ga. 132 (269 SE2d 470) (1980); *State v. Rowe*, 138 Ga. App. 904-905 (1) (228 SE2d 3) (1976), overruled in part on other grounds, *Cleary v. State*, 258 Ga. 203, 205 (366 SE2d 677) (1988). Nor is this appeal permissible under OCGA § 5-7-1 (4), which authorizes appeals by the State from orders sustaining motions to suppress, because the State is not appealing from the trial court's order granting appellee's motion to suppress the seized evidence and is not challenging that ruling, but instead is appealing from the subsequent order compelling the return of the seized property to appellee. Construing OCGA § 5-7-1 strictly against the State as we are bound to do, *State v. Gribble*, 169 Ga. App. 446 (313 SE2d 720) (1984), we conclude the instant appeal does not fall within any of the circumstances in which the State is authorized to appeal, and accordingly the appeal is dismissed. See id.

*Appeal dismissed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 16, 1989.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellant.

*Jerome J. Froelich, Jr.*, for appellee.

