## A92A0997. THE STATE v. PHILLIPS.

(425 SE2d 412)

SOGNIER, Chief Judge.

Franklin Phillips was charged by accusation with driving under the influence of alcohol and failure to maintain lane. Phillips demurred to the accusation, objecting to language identifying the DUI offense as a "High and Aggravated Misdemeanor." The trial court granted the demurrer and ordered the State to amend the accusation as to any copy to be submitted to the jury by omitting the "high and aggravated" language. The State appeals, contending that the grant of the demurrer resulted in the striking of a material allegation in the accusation. OCGA § 5-7-1 (1); *State v. Mendoza*, 190 Ga. App. 831 (1) (380 SE2d 357) (1989).

The issue presented in this appeal is whether a "high and aggravated" misdemeanor DUI is a separate and independent offense from a misdemeanor DUI so that the phrase "high and aggravated" is a material allegation that must be included in the accusation, see *Darty v. State*, 188 Ga. App. 447 (373 SE2d 389) (1988), or whether the "high and aggravated" language merely serves as direction for the imposition of punishment under specified aggravated circumstances so that it need not be set forth in the accusation. See *State v. Hendrixson*, 251 Ga. 853 (310 SE2d 526) (1984). The State argues the first position, citing *Darty* as authority that the "high and aggravated" language in OCGA § 40-6-391 (c) "changes the very nature of the offense." *Darty*, supra at 448.

OCGA § 40-6-391 (a) sets forth the five ways the Code section is violated. Subsection (c) provides that "[e]very person convicted of violating this Code section shall, upon a first or second conviction thereof, be guilty of a misdemeanor and, upon a third or subsequent conviction thereof, be guilty of a high and aggravated misdemeanor." A review of the maximum periods of imprisonment authorized as punishment for violating OCGA § 40-6-391, as set forth in subsection (c) (1) (B) (upon the first conviction), subsection (c) (2) (B) (upon the second conviction), and subsection (c) (3) (B) (upon the third or subsequent conviction), reveals an identical maximum period of 12

months. Only the minimum fine amounts and minimum periods of imprisonment increase.

We agree with appellee that the statutory provision authorizing punishment for a high and aggravated misdemeanor upon a third or subsequent conviction of DUI does not create a separate and independent offense but instead "falls within the category of other legislative directions as to punishment, such as mandatory minimum terms of imprisonment," *Hendrixson*, supra at 854, and accordingly does not constitute a material allegation that must be set forth in the accusation. "OCGA § 40-6-391 (c) is not an enhanced penalty statute, because it neither increases the maximum confinement authorized nor converts a misdemeanor offense into a felony." *Moore v. State*, 181 Ga. App. 548, 549 (1) (352 SE2d 821) (1987).[1] We find *Darty*, supra, on which the State relies, to be clearly distinguishable because the misdemeanor in that case, a simple shoplifting offense, was converted into a felony by the accused's prior convictions. See OCGA § 16-8-14 (b) (1) (C).

Contrary to the State's assertion, the mere fact that punishment for misdemeanors of a high and aggravated nature, OCGA § 17-10-4, is codified separately from punishment for misdemeanors, OCGA § 17-10-3,[2] does not make the principle in *Darty*, supra, applicable. As the definitional statute for the criminal Code of Georgia reflects, Georgia law distinguishes only between felonies, i.e., those crimes punishable by death, life imprisonment, or by "imprisonment for more than 12 months," OCGA § 16-1-3 (5), and "any crime *other than* a felony," (emphasis supplied), id. at (9), a definition that encompasses both misdemeanors *and* misdemeanors "of a high and aggravated nature." Id. Hence, we do not agree with the State that in the context of OCGA § 40-6-391, the imposition of the punishments set forth in subsection (c) (3) (B) changes the nature of a DUI charge.

OCGA § 5-7-1 (1) authorizes direct appeal by the State "[f]rom an order, decision, or judgment setting aside or dismissing any indictment or accusation or any count thereof." Although we have interpreted this statute to authorize an appeal by the State from the sustaining of a special demurrer, the result of which is to strike a

---

[1] Although *Moore* predated the 1990 amendment to OCGA § 40-6-391 (c), Ga. L. 1990, pp. 2048, 2312-2317, § 5, under which appellee is charged, a comparison of the punishments set forth in the two versions of the statute reveals that other than the 1990 amendment capping the monetary fine payable upon third or subsequent conviction at "not more than $5,000.00," id. at 2314 (OCGA § 40-6-391 (c) (3) (A)), the two versions are identical and the conclusion reached by the *Moore* court applies to the current version of that statute in issue in the case sub judice.

[2] We note that OCGA § 40-6-391 (f), which provides that OCGA § 17-10-3 (general punishment for misdemeanors) is *not* applicable to any person convicted of violating OCGA § 40-6-391 (a), was not changed when the legislature in 1990 amended subsection (c) to add the "high and aggravated" language. Ga. L. 1990, p. 2312.

*material* allegation of an indictment or accusation, see *Mendoza,* supra, research has failed to disclose any authority permitting the State to appeal from an order of a court striking an *immaterial* allegation of an indictment or accusation which does not result in the setting aside or dismissal of the indictment or accusation or any count thereof. It is well established that OCGA § 5-7-1 must be construed strictly against the State. *State v. Clark,* 191 Ga. App. 708, 709 (382 SE2d 670) (1989); *State v. McIntyre,* 191 Ga. App. 565, 566 (382 SE2d 669) (1989). Because of our holding that the "high and aggravated" language in the accusation did not constitute a material allegation of the accusation, we conclude that the State's appeal from the trial court's striking of this immaterial language does not fall within any of the circumstances in which the State is authorized to appeal, and accordingly the appeal is dismissed. See *McIntyre,* supra.

*Appeal dismissed. McMurray, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 23, 1992.

*Patrick H. Head, Solicitor, Victoria S. Aronow, Assistant Solicitor,* for appellant.
*James C. Strayhorn,* for appellee.

