S93A0020. PHILMORE v. THE STATE.
(428 SE2d 329)

HUNSTEIN, Justice.

Guy Lawson Philmore was convicted of felony murder, aggravated assault with a deadly weapon, aggravated assault with intent to rob, and attempted possession of marijuana with intent to distribute.* He was sentenced to life imprisonment as a recidivist pursuant to OCGA § 17-10-7. The trial court denied Philmore's motion for new trial, and he appeals.

1. Appellant contends the evidence was insufficient to support the verdict. Construed in a light most favorable to the verdict, the evidence showed that appellant was a drug dealer operating at an intersection in Brunswick on the nights of July 25-26, 1990. The victim, Jimmy David Hearn, a crack cocaine addict, after earlier visiting the area, returned by taxi to the intersection with several bags of marijuana, which he proceeded to either sell or swap for crack cocaine. Because no other marijuana was available that night in the area Hearn's marijuana was quickly purchased not only by drug users but also by other drug dealers. After Hearn agreed to exchange his last and largest bag of marijuana with drug dealer T. C. Bell for crack, the two men went into an alley behind a nearby Original K convenience

---

* The homicide occurred on July 26, 1990. Philmore was indicted in the September Term 1991 in Glynn County. He was found guilty on October 31, 1991, and was sentenced the same day. His motion for new trial was filed on November 26, 1991, and denied on August 5, 1992. A notice of appeal was filed on August 10, 1992, and the appeal was docketed on October 21, 1992. This appeal was submitted for decision without oral argument on November 20, 1992.

store to make the trade. Appellant walked up to the men, intimidated Bell into abandoning the transaction, and demanded that Hearn give him the marijuana. Testimony was adduced that when Hearn refused, appellant pushed Hearn and pulled out a knife. Hearn was unarmed and there was testimony that Hearn neither threatened appellant nor claimed to have a weapon before appellant brandished the knife. Hearn, who weighed more than appellant, punched appellant and knocked him to the ground, but upon regaining his feet appellant stabbed Hearn repeatedly. Medical testimony established that many of the knife cuts found on Hearn's body were of a defensive nature. Hearn's death was caused by a stab wound to his chest that cut the heart, allowing blood to collect in the pericardial sac until the pressure prevented the heart from beating. This medical testimony was introduced to explain how Hearn, after receiving the fatal cut, was nevertheless able to break free of the fight with appellant and others, who had gathered either to observe or assist appellant in the attack, and gain refuge in the taxi cab that had originally brought him to the area. The cab driver, uncertain of the extent of Hearn's injuries, drove him to a nearby police station, where efforts to save Hearn's life were unsuccessful.

From this evidence a rational trier of fact was authorized to find beyond a reasonable doubt that appellant was guilty of the charged crimes under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by finding that the statement he made to police on July 26, 1990 was voluntary where there existed evidence that appellant had used crack cocaine an hour before the interview. The officers who obtained appellant's waiver of his *Miranda* rights and conducted the tape-recorded questioning testified at the *Jackson v. Denno* hearing that they had known appellant for years, that he did not appear to be under the influence of drugs or alcohol during the interview, that appellant had no difficulty speaking and his answers were responsive to their questions, and that the manner in which appellant spoke during the interview did not differ from the way the officers knew appellant normally talked. The officers' testimony also established that no promises, threats or coercion were employed to obtain appellant's waiver of his *Miranda* rights. Accordingly, even assuming appellant had earlier used cocaine and was still under that drug's effect during the interview, we find that the trial court was authorized to conclude that appellant gave a voluntary statement and made a knowing and intelligent waiver of his *Miranda* rights. *Cunningham v. State*, 255 Ga. 727, 730 (2) (342 SE2d 299) (1986).

3. Appellant moved for a mistrial after the prosecutor during closing argument made statements appellant contends were imper-

missible and prejudiced his right to a fair trial. The trial transcript reveals that appellant, the victim, and almost every eyewitness to the events in issue were involved in the use or sale of illegal drugs. After maintaining that the jury should not discount Hearn's life because he was a crack cocaine addict or conclude that "drug people are not human beings," the prosecutor argued to the jury that neither should they condone illegal drug-related activities merely because those activities occurred in one isolated place, asking the jury

> [w]hat message do you send out there to the drug dealers in this community when you let drug dealers go because of that? You tell them it's a free pass . . . you tell them they can do their business without interference, without interruption, that they can do whatever they want as long as they do it in their place. Well, . . . today it's the Original K, tomorrow it could be the courthouse, the day after that it could be our schools.

We find no abuse of the trial court's discretion in denying appellant's motion for mistrial. It is not improper for a prosecutor to appeal to the jury to convict for the safety of the community, *Whitaker v. State*, 246 Ga. 163, 167 (11) (269 SE2d 436) (1980), or to argue as a part of the jury's duty that it should convict so as to stem a drug problem in the community, *Callahan v. State*, 179 Ga. App. 556, 564 (5) (347 SE2d 269) (1986), or to convict so as to send a message to others that criminal activities will not go unpunished. *Nebbitt v. State*, 187 Ga. App. 265, 268 (4) (370 SE2d 1) (1988). "Moreover, the State may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard." (Citations and punctuation omitted.) Id. We do not agree with appellant that *Brooks v. Kemp*, 762 F2d 1383 (11th Cir. 1985), addressing the propriety of certain statements made by a prosecutor during closing argument in the sentencing phase of a death penalty case, even if apposite, demands a contrary result.

4. *Wallace v. Higgs*, 262 Ga. 437, 438 (421 SE2d 69) (1992) controls adversely to appellant his contention that the trial court's charge on intent containing the phrase "may infer" was unconstitutionally burden-shifting.

5. Appellant asserts error in the trial court's charge and the form of the verdict, contending that the jury was improperly precluded from considering lesser included offenses. As to the trial court's charge on malice murder, felony murder, and voluntary manslaughter, even if the charge constituted the type of improper sequential charge disapproved in *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), no

reversible error is presented by that charge because the underlying felonies for appellant's felony murder conviction included not only the aggravated assault with a deadly weapon, but also the aggravated assault with intent to rob and attempted possession of marijuana with intent to distribute, the latter two felonies not involving the jury's consideration of evidence of provocation or passion for purposes of voluntary manslaughter. See id. at 867, n. 3; accord *Witherspoon v. State*, 262 Ga. 2 (3) (412 SE2d 829) (1992).

The rationale in *Edge*, supra, is not applicable to sequential charges on aggravated assault with intent to rob and the lesser included offense of simple assault. No other error is presented by the manner in which these offenses were presented to the jury. *Henderson v. State*, 191 Ga. App. 275, 277 (2) (381 SE2d 423) (1989).

6. We find no error in the trial court's entry of sentence under the recidivist statute. OCGA § 17-10-7 (b). The record reflects that appellant was found guilty of armed robbery and pled guilty to possessing heroin on two separate dates. All three convictions were the result of separate indictments and a separate order of sentence was entered on each indictment. Under these circumstances, the fact that the sentences were entered on the same day and that the sentences on the possession charges ran concurrent with the armed robbery sentence does not require the conclusion that the three prior convictions had been "consolidated for trial" within the meaning of OCGA § 17-10-7 (c). See *Parker v. State*, 170 Ga. App. 295, 296 (2) (316 SE2d 855) (1984), overruled on other grounds, *Darty v. State*, 188 Ga. App. 447, 448 (373 SE2d 389) (1988).

7. Appellant's remaining enumerations have either been abandoned or present no ground for reversal.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 19, 1993.

*Harrison & Harrison, Anthony L. Harrison,* for appellant.

*Glenn Thomas, Jr., District Attorney, Kevin R. Gough, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Staff Attorney,* for appellee.