### A93A0112. KING v. THE STATE.
(432 SE2d 109)

BIRDSONG, Presiding Judge.

Albert King appeals the trial court's order reconsidering its earlier order to return confiscated property under OCGA § 17-5-30.

King's motion to return property was filed on April 10, 1992, when the State nolle prossed his case, after the Supreme Court reversed his conviction (*King v. State*, 262 Ga. 147 (414 SE2d 206)) but before the remittitur was handed on June 5, 1992. The trial court granted the motion to return property on May 15, 1992, holding that it was bound by the Supreme Court's reversal even though the remittitur had not come down. The State returned all of King's property except $28,354. After remittitur of the criminal appeal came down, the State, on June 15, 1992, filed in the trial court a motion to reconsider its order to return property. At the same time, the State filed the notice of appeal of the trial court's order to return the money. The trial court reconsidered its order to return property and ruled the State did not have to return the money. King filed this appeal. *Held*:

1. The State concedes the trial court was without jurisdiction to reconsider its order to return property after the State filed a notice of appeal of the order. OCGA § 5-6-45; see *Turner v. Harper*, 233 Ga. 483 (211 SE2d 742). The trial court's jurisdiction, which was removed when the State filed its notice of appeal, is not retroactively supplied by the fact that the appeal was later dismissed by order of the Supreme Court "for lack of a right of appeal in the state," *State v. King*, (Case No. S92A1225, decided October 2, 1992), citing *State v. McIntyre*, 191 Ga. App. 565, 566 (382 SE2d 669). To rule otherwise would render uncertain every supersedeas. The trial court's reconsidered order was without jurisdiction and is void.

2. For the sake of judicial economy, the State seeks a ruling that the trial court had no jurisdiction to order a return of property in the first place because the remittitur from reversal of the conviction had not then come down. However, the State has filed no cross-appeal and we decline to issue an advisory opinion. We note, however, that in *McIntyre*, supra, the criminal prosecution and the proceeding to return property apparently were conducted at the same time, and that the State had nolle prossed the prosecution before King filed his motion to return property.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED MAY 10, 1993.

*Herbert Shafer*, for appellant.

*J. Tom Morgan III*, District Attorney, *Gregory A. Adams*, *Gregory J. Lohmeier*, Assistant District Attorneys, for appellee.