## A93A1513. SHEATS v. THE STATE.
(436 SE2d 796)

ANDREWS, Judge.

Sheats was charged and convicted of aggravated assault, and appeals.

Viewing the facts in the light most favorable to the verdict, Sheats stabbed victim Williams with a butcher knife several times. Williams testified that he was not carrying a knife at the time of the incident and that Sheats instigated the conflict. Williams stated that when Sheats stabbed him, he had keys in his hand.

Sheats and another witness testified that Williams attacked Sheats first. Sheats, who admitted that he had been drinking that evening, stated that he acted in self-defense.

1. In his first enumeration of error, citing *Edge v. State*, 261 Ga. 865, 867 (2) (414 SE2d 463) (1992), Sheats claims that the trial court erred in giving sequential charges on aggravated assault and reckless conduct. Sheats contends that by giving these charges sequentially, the trial court precluded the jury from considering the reckless conduct charge as to which a verdict was warranted.

This enumeration is without merit. "The intent of *Edge*, supra at 867 (2), is to preclude a felony murder conviction where such a conviction would prevent an otherwise warranted verdict of voluntary manslaughter. . . . Thus, the giving of a sequential charge may be reversible error in a case wherein the jury must determine whether a homicide is felony murder or voluntary manslaughter." (Citations, punctuation and emphasis omitted.) *McGill v. State*, 263 Ga. 81 (428 SE2d 341) (1993). "The evil which *Edge* seeks to cure is not present in the case before us." *Stewart v. State*, 262 Ga. 894, 896 (426 SE2d 367) (1993); see also *Philmore v. State*, 263 Ga. 67 (5) (428 SE2d 329) (1993). The jury's finding that Sheats committed aggravated assault

under OCGA § 16-5-21 required a finding of an intentional infliction of injury, which precluded the element of criminal negligence in reckless conduct under OCGA § 16-5-60. See generally *Bowers v. State*, 177 Ga. App. 36 (1) (338 SE2d 457) (1985).[1]

2. In his second enumeration, Sheats raises general grounds and claims that the trial court erred in denying his motion for new trial since the verdict was contrary to the evidence and law. "The weight of the evidence and credibility of witnesses are questions for the triers of fact, and this court passes on the sufficiency of the evidence, not its weight. We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." (Citation and punctuation omitted.) *Johnson v. State*, 204 Ga. App. 277, 279 (3) (419 SE2d 118) (1992); see generally *Perryman v. State*, 208 Ga. App. 754 (1) (431 SE2d 742) (1993).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 21, 1993.

*Omotayo B. Alli*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney*, for appellee.

---

[1] We do not reach the argument raised by the State that based on *Riley v. State*, 181 Ga. App. 667 (3) (353 SE2d 598) (1987), Sheats was not entitled to charges on both self-defense and reckless conduct.