S94A0552. KING v. THE STATE et al.
(443 SE2d 844)

HUNT, Chief Justice.

This appeal concerns the jurisdiction of a state court over money seized by local authorities, then delivered to federal authorities for a federal forfeiture proceeding pursuant to 21 USC § 881, the forfeiture section of the Controlled Substances Act. King appeals the trial court's denial of his petition for a writ of mandamus seeking an order directing the DeKalb County district attorney to return the money seized from King. We affirm the trial court's holding that it lacked jurisdiction over the money in question.

On November 12, 1989, local law enforcement officers seized $28,354 from Albert King pursuant to a search warrant issued by a DeKalb County Superior Court judge. On November 17, 1989, the day after a local officer filed his return of the warrant, listing the money in question, with the DeKalb County Superior Court, that money was turned over to federal authorities, who then instituted forfeiture proceedings pursuant to 21 USC § 881. On March 20, 1990, the United States Department of Justice issued a declaration of forfeiture, declaring the money forfeited to the United States. Approximately five months later, King was convicted of trafficking in cocaine. Following this court's reversal of the denial of King's motion to suppress, *King v. State*, 262 Ga. 147 (414 SE2d 206) (1992), King filed a motion in DeKalb Superior Court for return of the money which had been seized from him. Although the trial court initially granted King's motion and ordered the return of that money, in a subsequent order,

which is the order appealed from, the trial court held that, at the time of its initial order, it did not have jurisdiction over the money and that the order was, to that extent, void.[1]

King argues that he is entitled to the return of the money pursuant to OCGA § 17-5-30 (b) which reads, in part: "If the motion [to suppress] is granted the property shall be restored, unless otherwise subject to lawful detention." However, the trial court correctly ruled that it had no jurisdiction over the money at the time King filed his writ of mandamus. Forfeiture proceedings instituted pursuant to 21 USC § 881 are civil, and in rem. *United States v. Winston-Salem/ Forsyth County Bd. of Ed.*, 902 F2d 267, 271 (4th Cir. 1990). When the money was turned over by the local authorities to agents of the U. S. Department of Justice it was no longer in state custody but, rather, was in federal custody, specifically that of the Attorney General. 21 USC § 881 (c). The money was forfeited, pursuant to federal law, approximately two years before King filed his motion in state court for its return. Because the state court had no jurisdiction over the money, the trial court properly dismissed King's action for mandamus. *United States v. $12,390*, 956 F2d 801, 805 (2) (8th Cir. 1992); *United States v. One 1986 Chevrolet Van*, 927 F2d 39 (1st Cir. 1991); *United States v. Winston-Salem/Forsyth County Bd. of Ed.*, supra.[2]

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs in the judgment only.*

DECIDED JUNE 13, 1994.

*Herbert Shafer,* for appellant.

*J. Tom Morgan, District Attorney, Gregory J. Lohneier, Robert M. Coker, Assistant District Attorneys, Michael J. Bowers, Attorney*

---

[1] The procedural history of this case is a bit more complex. Following the initial grant of King's motion for the return of the money, the state filed a motion for reconsideration in the superior court and a notice of appeal regarding an appeal to this court. The trial court granted the state's motion for reconsideration, but the Court of Appeals held that the trial court had no jurisdiction to reconsider its order after the state filed its notice of appeal. *King v. State*, 208 Ga. App. 623 (1) (432 SE2d 109) (1993). Thereafter, this court dismissed the state's appeal of the order regarding the return of the money, based on the state's lack of a right to appeal that issue. *State v. King*, Case No. S92A1225, decided October 2, 1992.

Contrary to King's contentions, none of the previous appellate rulings in this case concerned the trial court's jurisdiction over the money in question, and, accordingly, none of the decisions constitutes res judicata on that issue.

[2] King claims he did not have notice of the federal forfeiture proceeding. The trial court found to the contrary, and there appears to be sufficient evidence in the record to support that finding. Nevertheless, the state court is not the proper forum for King's claims regarding lack of notice in the federal forfeiture proceeding. Nor is any claim regarding lack of notice in that proceeding relevant to the issue of the state court's jurisdiction over the money in question.

General, *J. Philip Ferrero, Assistant Attorney General,* for appellees.