A96A1992. MIMS v. THE STATE.
(484 SE2d 37)

ANDREWS, Chief Judge.

Andre Mims appeals from his conviction of five counts of selling crack cocaine, contending that the evidence was insufficient and that he was improperly sentenced as a recidivist.

1. Viewed with all inferences in favor of the jury's verdict, the evidence was that, on December 28, 1993, at 7:29 p.m. and again at 10:00 p.m., Mims sold $20 rocks of crack to undercover agent Rozier. On January 3, 1994, he sold another $20 rock to Rozier. Again, on January 7, at 7:59 p.m. and 8:45 p.m., he sold $20 rocks to Rozier.

While he did not dispute that he sold the crack to Rozier, Mims contended that he was doing so as an informant for the police and that, while he knew Rozier was an undercover agent, he was selling to him in order to impress other dealers in the vicinity. Three of the four buys were captured on videotape, and there was no one else near the sales.

" 'The weight of the evidence and credibility of witnesses are

questions for the triers of fact, and this court passes on the sufficiency of the evidence, not its weight. We find that a rational trier of fact could find from the evidence adduced at trial proof of [Mims'] guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).' (Citations and punctuation omitted.) [Cits.]" *Sheats v. State*, 210 Ga. App. 622, 623 (2) (436 SE2d 796) (1993).

2. Mims was sentenced to life without parole under OCGA §§ 16-13-30 (d) & 17-10-7 (c). The former provides a maximum sentence of life imprisonment for a second or subsequent offense of sale of a controlled substance. The latter provides that "any person who, after having been convicted under the laws of this state for three felonies . . . , commits a felony within this state other than a capital felony *must, upon conviction for such fourth offense . . . serve the maximum time provided* in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." (Emphasis supplied.)

Three prior convictions were relied upon by the state for purposes of sentencing Mims as a recidivist, a 1988 conviction of the Georgia Controlled Substances Act, and two 1991 indictments to which Mims pled guilty and was sentenced on October 17, 1991, one for three counts of theft by taking and one for three counts of burglary. While the copies of sentences imposed on these previous offenses are not contained in the record before us, it is conceded that the two 1991 indictments bore separate numbers and that separate sentencing forms were used for each.

Mims contends that, because the sentencings occurred on the same day, the two indictments had been "consolidated for trial" pursuant to OCGA § 17-10-7 (d) and could only be considered one conviction for recidivist sentencing purposes, giving the court the option to sentence him to life with possibility of parole. See *Getty v. State*, 207 Ga. App. 736, 737 (429 SE2d 100) (1993).

However, "the fact that the sentences were entered on the same day and that the sentences on the possession charges ran concurrent with the [other] sentence does not require the conclusion that the three prior convictions had been 'consolidated for trial' within the meaning of OCGA § 17-10-7 [(d)]. See *Parker v. State*, 170 Ga. App. 295, 296 (2) (316 SE2d 855) (1984), overruled on other grounds, *Darty v. State*, 188 Ga. App. 447, 448 (373 SE2d 389) (1988)." *Philmore v. State*, 263 Ga. 67, 70 (6) (428 SE2d 329) (1993). See also *Anderson v. State*, 176 Ga. App. 255, 256 (335 SE2d 487) (1985); *Moore v. State*, 169 Ga. App. 24, 27 (7) (311 SE2d 226) (1983).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 10, 1997.

*Howard, Carswell & Bennett, Kenneth R. Carswell,* for appellant.

*Glenn Thomas, Jr., District Attorney, James L. Corbett, Assistant District Attorney,* for appellee.