A98A1028. MATHIS v. THE STATE.
(510 SE2d 300)

MCMURRAY, Presiding Judge.

Defendant Mathis filed this pro se appeal from the denial of his motion to vacate, set aside or modify illegal sentence. *Held*:

"A trial court has no jurisdiction to modify a sentence after the term of court ends or 60 days pass as occurred here, OCGA § 15-6-3 (8) (D); *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991), but may resentence a defendant at any time if the sentence entered is void, i.e., imposes a sentence the law does not allow. Id." *Manry v. State*, 226 Ga. App. 445, 446 (487 SE2d 80). In the case sub judice, defendant Mathis failed to show any basis for holding his sentence void, and thus the superior court had no authority to change defend-

ant's sentence in response to his motion. *Broadwell v. State*, 224 Ga. App. 193, 194 (2) (480 SE2d 215).

Of the two issues argued by defendant in support of his motion, reliance upon *Banks v. State*, 225 Ga. App. 754, 756 (5) (484 SE2d 786), which requires a sentencing trial court to consider probation as a part of the applicable sentence, was inappropriate since that case is inapplicable to the facts of the case sub judice. Defendant's second issue, that certain prior convictions had been consolidated for trial within the meaning of OCGA § 17-10-7 (d), also lacks merit under the authority of such cases as *Philmore v. State*, 263 Ga. 67, 70 (6) (428 SE2d 329); *Mims v. State*, 225 Ga. App. 331, 332 (2) (484 SE2d 37); *Parker v. State*, 170 Ga. App. 295, 296 (2) (316 SE2d 855), rev'd on other grounds, *Darty v. State*, 188 Ga. App. 447, 448 (373 SE2d 389).

We have reviewed defendant's remaining enumerations of error and find no merit in contentions that defendant was entitled to traverse the defenses of the district attorney, discovery of documents, or an oral hearing on his motion. Furthermore, we are unaware of any authority supporting defendant's contention that he was entitled to appointed counsel to argue his motion. Defendant's enumerations of error being without merit, the judgment of the superior court must be affirmed.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED NOVEMBER 12, 1998 ▮

Cecil W. Mathis, Jr., *pro se.*

*Richard A. Malone*, District Attorney, *William S. Askew*, Assistant District Attorney, for appellee.