# Court of Appeals
# of the State of Georgia

ATLANTA,  January 17, 2024

*The Court of Appeals hereby passes the following order:*

**A23A1702. THE STATE v. MD NAZMUL ISLAM.**

Md Nazmul Islam filed a motion for return of property pursuant to OCGA § 17-5-30, seeking the return of Delta-8 THC gummies that were seized from his store during the execution of a search warrant. The trial court issued an order granting the motion, concluding that the State's seizure of the gummies was unlawful because the gummies were not illegal. The State then filed this appeal of the trial court's order, relying on OCGA § 5-7-1 (a) (4) as its basis to appeal.

"Appeals by the State in criminal cases are construed strictly against the State and the State may not appeal any issue in a criminal case, whether by direct or discretionary appeal, unless that issue is listed in OCGA § 5-7-1." *State v. Cash*, 298 Ga. 90, 91 (1) (a) (779 SE2d 603) (2015) (punctuation and emphasis omitted). OCGA § 5-7-1 (a) (4) allows the State to appeal "[f]rom an order, decision, or judgment *suppressing* or *excluding* evidence illegally seized . . . in the case of motions made and ruled upon prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first." (Emphasis supplied). This Court has previously held that OCGA § 5-7-1 (a) (4) did not authorize an appeal by the State of an order granting the defendant's motion for return of property, "because the State [was] not appealing from the trial court's order granting [the defendant's] motion to suppress the seized evidence and [was] not challenging that ruling, but instead [was] appealing from the subsequent order compelling the return of the seized property to [the defendant]." *State v. McIntyre*, 191 Ga. App. 565, 565-566 (382 SE2d 669) (1989); see also *King v. State*, 264 Ga. 282, 283 n. 1 (443 SE2d 844) (1994) (noting that the State lacked the right to appeal an order granting the defendant's motion for the return

of property). Here, the trial court's order required the State to return the gummies based on the conclusion that the State's seizure of the property was unlawful, but it did not suppress or exclude any evidence. Thus, OCGA § 5-7-1 (a) (4) does not authorize this appeal. Because no other statutory provision authorizes this appeal, the appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  01/17/2024*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
_____ *, Clerk.*