NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: February 18, 2025

S24G0707. THE STATE v. ISLAM.

BETHEL, Justice.

After police executed a search warrant at his business and seized, among other things, Delta-8 THC gummies, Md Nazmul Islam was charged with possession of a Schedule I controlled substance with intent to distribute. Islam subsequently filed a motion pursuant to OCGA § 17-5-30, which sought exclusion of the seized property as evidence against him and the return of the property. The trial court granted Islam's motion, finding that the seizure of the property was "unlawful" and ordering the State to return "all property seized during the execution of the search warrant[.]" Relying on OCGA § 5-7-1 (a) (4), which permits the State to take an appeal from an order excluding evidence on the ground that it was unlawfully seized, the State filed a timely notice of

appeal to the Court of Appeals. The Court of Appeals dismissed the State's appeal, however, concluding that the appeal was not authorized by OCGA § 5-7-1 (a) (4) because, though the trial court's order required the property's return, it did not expressly exclude any evidence. We granted certiorari to determine whether the Court of Appeals correctly dismissed the State's appeal.[1] We now reverse the decision of the Court of Appeals and remand for consideration of the merits of the State's appeal.

"Appeals by the State in criminal cases are limited to the issues listed and the circumstances identified under OCGA § 5-7-1[.]" *State v. Stephens*, 310 Ga. 57, 61 (2) (849 SE2d 459) (2020). As such, Georgia's "appellate courts do not have jurisdiction to entertain an appeal filed by the State in a criminal case that falls outside the ambit of that provision." *State v. Arroyo*, 315 Ga. 582, 583 (883 SE2d 781) (2023) (citation and punctuation omitted). In this case, the State cited OCGA § 5-7-1 (a) (4) as the basis for its appeal. That subsection provides in pertinent part that the State may appeal

---

[1] The case was orally argued before this Court on November 6, 2024.

[f]rom an order, decision, or judgment suppressing or excluding evidence illegally seized . . . in the case of motions made and ruled upon prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first[.]

OCGA § 5-7-1 (a) (4). Consistent with the plain meaning of the statutory text, this Court has recognized that "OCGA § 5-7-1 (a) (4) authorizes the State to take appeals from pretrial orders that suppress or exclude evidence on the ground that it was obtained in violation of law." *State v. Rosenbaum*, 305 Ga. 442, 448 (1) (826 SE2d 18) (2019) (citation and punctuation omitted). The question presented in this case, then, is whether the trial court's order granting Islam's motion under OCGA § 17-5-30 is an order "excluding evidence" on the ground that it was "illegally seized."

We have previously characterized OCGA § 17-5-30 as "a procedural statute, establishing a mechanism for the application of an exclusionary rule" for evidence obtained by way of an unlawful search and seizure. *Mobley v. State*, 307 Ga. 59, 72 (4) (a) (834 SE2d 785) (2019). Pursuant to OCGA § 17-5-30 (a), "[a] defendant aggrieved by an unlawful search and seizure may move the court for

3

the return of property, the possession of which is not otherwise unlawful, and to suppress as evidence anything so obtained" on the basis that the search and seizure were conducted without a warrant or, where a warrant was issued, on one of three statutory grounds: "the warrant is insufficient on its face, there was not probable cause for the issuance of the warrant, or the warrant was illegally executed." The statute further provides that, "[i]f the motion is granted the property shall be restored, unless otherwise subject to lawful detention, *and it shall not be admissible in evidence against the movant in any trial*." OCGA § 17-5-30 (b) (emphasis supplied).

Pointing to the statutory language emphasized above, the State argues that an order granting a motion brought under OCGA § 17-5-30 is necessarily an order "excluding evidence." And because the only basis for granting such a motion is that the property at issue was obtained as the result of an unlawful search and seizure, the State asserts that the order on appeal clearly constitutes an order "excluding evidence illegally seized," OCGA § 5-7-1 (a) (4), from which the State is authorized to appeal. Islam, for his part, largely

4

focuses on the fact that the trial court's order is silent as to the exclusion of the seized property and contends that it should be construed as ruling only on the issue of the property's return from which the State has no right of appeal. But the mere fact that the order does not speak expressly to the exclusion of the seized property does not lead to an inescapable conclusion that the order is not one excluding evidence. Rather, it is well settled that "the appealability of an order is ultimately determined by its substance and effect, not its nomenclature." *State v. Singh*, 291 Ga. 525, 526 (1) (731 SE2d 649) (2012). And determining the substance and effect of the trial court's order in this case requires an examination of OCGA § 17-5-30, which provided the basis for Islam's motion.

As we have explained before, "[w]hen we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant." *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citation and punctuation omitted). "To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it

appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." Id. at 172-173 (1) (a) (citations and punctuation omitted).

The most natural and reasonable understanding of OCGA § 17-5-30 is the one that the State proposes: an order granting a motion brought under this statute, regardless of nomenclature, is an order "excluding evidence." When such a motion is granted, the statute requires that property "shall be restored, unless otherwise subject to lawful detention, and it shall not be admissible in evidence" against the defendant. OCGA § 17-5-30 (b). By providing that the seized property "shall not be admissible in evidence," subsection (b) makes exclusion of the seized property mandatory.[2] See *Hall County Bd. of Tax Assessors v. Westrec Props.*, 303 Ga. 69, 75 (3) (809 SE2d 780) (2018) ("The word 'shall' is generally construed as a word of

---

[2] This Court has recognized that, though "shall" generally indicates a mandatory directive, it can be permissive depending on the context in which it appears. See *Bell v. Hargrove*, 313 Ga. 30, 34 (2) n.5 (867 SE2d 101) (2024). But in this case, "we discern no contextual basis for concluding that the word 'shall,'" as used in OCGA § 17-5-30, "does not function as a mandatory directive." Id.

6

command. The import of the language is mandatory." (citation and punctuation omitted)). So where a trial court grants such a motion, the seized property at issue is excluded by operation of law, and a trial court has no discretion to order otherwise. See *Republic Claims Svc. Co. v. Hoyal*, 264 Ga. 127, 128 (441 SE2d 755) (1994) (construing OCGA § 9-2-60 (b), which states that "[a]ny action . . . in which no written order is taken for a period of five years *shall* automatically stand dismissed," and concluding that "[t]he provisions of this section are mandatory," "dismissal occurs by operation of law," and "a trial court is without authority to order the action reinstated" (citation and punctuation omitted; emphasis supplied)). Cf. *Benton v. State*, 314 Ga. 498, 502 (2) (877 SE2d 603) (2022) (construing statute providing for revocation of first-offender status based upon a probation violation and concluding that, because statute provides that a court "*may* enter an adjudication of guilt and proceed to sentence the defendant" following a probation violation, such violation "does not automatically result in a conviction or preclude [the defendant's] exoneration by operation of

7

law" but rather "gives the court discretion to enter an adjudication of guilt" (citation and punctuation omitted; emphasis supplied)).

Islam urges a contrary reading of this statutory language, seizing on subsection (b)'s caveat that, where a motion brought under OCGA § 17-5-30 is granted, the seized property "shall be restored, *unless otherwise subject to lawful detention . . . .*" (Emphasis supplied.) As Islam views it, this qualifying phrase demonstrates that there are two distinct grounds upon which a motion made under OCGA § 17-5-30 may be granted and, his argument goes, authorizes a trial court to order the return of property without concomitantly ordering its exclusion. But Islam's argument ignores elementary rules of statutory construction. This qualifying phrase, which follows the requirement that the seized property "shall be restored" and precedes the requirement that the property "shall not be admissible in evidence," OCGA § 17-5-30 (b), plainly has no effect on the mandatory nature of that latter requirement. See *Scott v. State*, 299 Ga. 568, 572 (2) (788 SE2d 468) (2016) ("Under the canon of statutory construction known as the

8

'rule of the last antecedent,' a qualifying phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows." (citation and punctuation omitted)). Rather, this phrase simply indicates that return of the seized property under OCGA § 17-5-30 (b) is not automatic and instead depends on whether the seized property, as the statutory qualifying phrase further reflects, is "otherwise subject to lawful detention."

The cases relied upon by the Court of Appeals in dismissing this appeal do not require a different result because neither case applies here. First, the Court of Appeals pointed to its decision in *State v. McIntyre*, 191 Ga. App. 565, 565-566 (382 SE2d 669) (1989), which also concerned the State's appeal from the grant of a motion brought under OCGA § 17-5-30. There, the trial court issued two separate rulings on the defendant's motion — the first ordered the exclusion and the second ordered the return of the property at issue. On appeal, the State challenged only the second order requiring the return of the property but expressly declined to challenge the exclusion ruling contained in the first order. In light of the State's

9

failure to challenge the exclusion ruling, the Court of Appeals concluded that the State was not permitted under OCGA § 5-7-1 (a) (4) to appeal only the return of the property. By contrast, in this case, the State is challenging both the exclusion of the property at issue as well as its return. As such, *McIntyre* is distinguishable from and thus inapplicable to the case at hand.

The other case cited by the Court of Appeals, *King v. State*, 264 Ga. 282 (443 SE2d 844) (1994), is likewise inapposite. As an initial matter, there was no discussion of, let alone analysis of and a holding on, the issue of the State's right to appeal an order granting a motion made under OCGA § 17-5-30. Rather, *King* merely noted in a footnote detailing the case's procedural history that the State's prior appeal of an order requiring the return of seized property had been dismissed based on the "lack of a right to appeal that issue," id. at 283 n.1, but the analytical basis for the dismissal of the prior appeal is unclear. That alone makes *King* inapplicable here. See *Cook v. State*, 313 Ga. 471, 478 (2) (a) (870 SE2d 758) (2022) ("Decisions of this Court and of the Court of Appeals do not stand for

points that were neither raised by the parties nor actually decided in the resulting opinion, and questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (citation and punctuation omitted)).

Moreover, the facts of this case are distinguishable from the facts of *King*. Though *King* also concerned an appeal from an order requiring the return of seized property, the order at issue in *King* did not follow from the exclusion of evidence under OCGA § 17-5-30. Instead, the order in *King* required the return of property as a result of this Court's reversal of King's conviction in *King v. State*, 262 Ga. 147 (414 SE2d 206) (1992). See *King*, 264 Ga. at 182-183. And because the exclusion of evidence was not the basis for ordering the return of King's property, OCGA § 5-7-1 (a) (4) was inapplicable. To the extent either *King* or *McIntyre* could be understood to suggest that the State never has the right to appeal from an order granting a motion brought under OCGA § 17-5-30, we disapprove any such reading.

Here, the trial court found that the State's seizure of the property at issue was unlawful and, on that basis, granted Islam's motion brought under OCGA § 17-5-30. Even absent express language indicating that the seized property would be excluded as evidence against Islam, exclusion occurred by operation of law and, thus, was the necessary consequence of the order being appealed.[3] Accordingly, the trial court's order is an order "excluding evidence illegally seized" for purposes of OCGA § 5-7-1 (a) (4), and the State is authorized to take an appeal. The judgment of the Court of Appeals dismissing this appeal is therefore reversed, and this case is remanded for consideration of the merits of the State's appeal.

*Judgment reversed and case remanded. All the Justices concur.*

---

[3] Both in his briefing and at oral argument before this Court, Islam argued that the property at issue was not excluded and that the State was not precluded from seeking to introduce that property into evidence at trial. But, of course, a party's after-the-fact characterization of an order does not subvert the plain meaning of the controlling statutory language.