[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16578
Non-Argument Calendar

_____

D. C. Docket No. 07-00395-CR-WBH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMAL DUHART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 10, 2009)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Because we had cited to language from United States v. Sarras, 2009 WL

1661152 (11th Cir. June 16, 2009), which has since been vacated, we hereby <u>sua sponte</u> VACATE the previous opinion issued in this case, <u>United States v. Duhart</u>, 2009 WL 1965291 (11th Cir. July 9, 2009). In its place, we file this revised opinion.

Amal Duhart pleaded guilty to one count of possession of a firearm by a convicted felon. 18 U.S.C. §§ 922(g) & 924(e). He was sentenced by the district court to 188 months' imprisonment. He now appeals the reasonableness of his sentence.

## I. Facts and Procedural History

On August 8, 2008, Duhart, a convicted felon, was arrested following an incident in which he and another individual allegedly pointed firearms at a crowd of people. Duhart was indicted and later pleaded guilty to one count of possession of a firearm by a convicted felon. Due to Duhart's criminal history, this charge carried a statutory minimum sentence of fifteen years' (180 months) imprisonment and a maximum of life imprisonment. <u>See</u> 18 U.S.C. § 924(e)(1).

The probation officer prepared a presentence investigation report ("PSI"), which included documentation of Duhart's prior convictions, as well as arrests for which no charges had been filed or the charges had been dismissed. The PSI initially identified the offense level as 27 and assigned Duhart a criminal history

2

category VI.  Because Duhart had at least three prior convictions for serious drug offenses, he qualified as an armed career criminal under U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e).  This status increased Duhart's offense level to 31, after an adjustment for acceptance of responsibility.  With a total offense level of 31 and a criminal history category VI, Duhart's guidelines range was 188 to 235 months' imprisonment.  Duhart did not object to any of the relevant information outlined above.

At sentencing, the government requested that Duhart receive a sentence at the upper end of the guidelines range.  Duhart argued that he should receive the mandatory minimum sentence of 180 months and also noted that he suffered from rheumatoid arthritis and had been unable to get proper medical treatment during his incarceration.  After hearing the arguments and giving Duhart an opportunity to personally address the court, the district court said that "something more than the minimum would be required."  The district court noted that since Duhart's last drug conviction, which occurred about eight years earlier, "he's been in and out of trouble for a long time.  And it's not just drugs.  There are a lot of assaults and battery and that sort of thing."  The district court then stated that "gun charges are very serious situations," and, after it considered the guidelines and the factors set forth in 18 U.S.C. § 3553(a), the court concluded that

the "bottom of the guideline sentence is fair" and sentenced Duhart to 188 months'

imprisonment.

Duhart now appeals the substantive reasonableness of this sentence.

## II.  Discussion

We review the substantive reasonableness of a sentence for abuse of

discretion, based on the "totality of the circumstances."  United States v. Beckles,

565 F.3d 832, 845 (11th Cir. 2009).[1]

Duhart argues that the sentence imposed is unreasonable because the district

court gave too much weight to the number of times that he was arrested but not

convicted, and gave no weight to the inability of the Bureau of Prisons to

accommodate his medical condition.

The party challenging the reasonableness of a sentence "bears the burden of

establishing that the sentence is unreasonable in the light of both [the] record and

the factors in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th

Cir. 2005).  It is sufficient for the district court to acknowledge that it has

considered the § 3553(a) factors, but it need not explicitly discuss each of them.

United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  "The weight to be

---

[1] Generally, we first review for procedural errors, such as treating the guidelines as mandatory or failing to consider §3553(a) mitigating factors.  Beckles, 565 F.3d at 845.  In the instant case, however, Duhart only appeals the substantive reasonableness of his sentence.

accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted). Even though a sentence is not per se reasonable by virtue of residing within the guidelines range, "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788.

At the outset, we note that the district court imposed a sentence that was just eight months greater than the statutory minimum sentence, and which resided at the lowest end of the forty-seven month range, as established by the guidelines. Second, even though the district court noted that Duhart had been "in and out of trouble" since the time of his last drug conviction in 2000, the district court did not necessarily rely on arrests for which Duhart had not been convicted in reaching this conclusion. Duhart's PSI reveals that he was convicted of forgery in the first degree in 2005 and two counts of simple battery and one count of disorderly conduct in 2006. This evidence, particularly the simple battery convictions, supports the district court's conclusion that "he's been in and out of trouble for a long time. And it's not just drugs. There are a lot of assaults and battery and that sort of thing." Third, even if the district court considered arrests in addition to

5

convictions, a district court may consider arrests in determining the defendant's character, so long as those arrests are not used to statutorily enhance the defendant's sentence. See United States v. Peagler, 847 F.2d 756, 758 (11th Cir. 1988) (permitting the district court's consideration of uncounseled convictions to conclude that the defendant "did not have much respect for the law"). Finally, the district court considered Duhart's health condition and concluded that "[r]heumatoid arthritis is probably not all that uncommon among the prison population" and that the Bureau of Prisons should be able to evaluate and treat that condition.

We thus conclude that Duhart's sentence of 188 months' imprisonment is substantively reasonable. Accordingly, we **AFFIRM.**